# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 24, 2014 Session

## FRANCES G. RODGERS ET AL. v. YARBORO A. SALLEE

**Appeal from the Circuit Court for Knox County**
**No. 2-489-12      Harold Wimberly, Jr., Judge**

_____

**No. E2013-02067-COA-R3-CV - Filed February 13, 2015**

_____

The plaintiffs sued the defendant, their former attorney, to recover fees the plaintiffs had paid to the defendant, as well as punitive damages for alleged misrepresentations made by the defendant. The trial court granted a default judgment in favor of the plaintiffs. The defendant thereafter filed a motion seeking to set aside the default judgment, alleging that she was not properly served with process. Before the trial court entered a written order regarding the defendant's motion to set aside the default judgment, the defendant filed a motion seeking recusal of the trial judge. The trial court subsequently entered an order denying the defendant's motion to set aside the default judgment, as well as an order dismissing various motions for sanctions, while the recusal motion was pending. The court thereafter entered an order granting the defendant's motion for recusal. The defendant has appealed. We determine that the trial court erred in entering orders regarding contested matters while the motion seeking recusal was pending. We therefore vacate the trial court's orders and remand the case for further proceedings regarding the defendant's motion to set aside the default judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Yarboro A. Sallee, Knoxville, Tennessee, Pro Se.

Larry C. Vaughan, Knoxville, Tennessee, for the appellees, Frances G. Rodgers and Harley Vearl Bible.

# OPINION

## I. Factual and Procedural Background

The plaintiffs, Frances G. Rodgers and Harley Vearl Bible ("Plaintiffs"), are the parents of a deceased adult child, Lori Noll, who passed away in 2009 under circumstances that Plaintiffs believed to be suspicious. In September 2010, Plaintiffs hired a Knoxville attorney, Yarboro A. Sallee, to represent them in a wrongful death action and other related matters concerning Ms. Noll's death. Ms. Sallee immediately began to perform legal services for Plaintiffs despite the fact that the parties never executed a written agreement regarding related fees and expenses.

Plaintiffs asserted that they terminated Ms. Sallee's services a few months later, having already paid her attorney's fees in the amount of $54,000. Plaintiffs claimed that they tendered certain amounts to Ms. Sallee periodically, whenever she requested payment, even though they were not provided itemized billing statements. According to Plaintiffs, it was months following her termination of employment that Ms. Sallee sent them a billing statement, claiming that Plaintiffs owed her an additional $86,000 in fees and expenses. Plaintiffs subsequently filed the instant action on September 14, 2012, asserting that Ms. Sallee was guilty of various misrepresentations, including that (1) she was a competent attorney who was experienced in this type of litigation and (2) she would represent them zealously and charge them appropriate and reasonable fees. Plaintiffs sought compensatory damages in the amount of $54,000, representing the fees they had paid to Ms. Sallee, as well as punitive damages of $1.2 million.

On March 20, 2013, Plaintiffs filed a motion for default judgment, asserting that although Ms. Sallee had intentionally avoided service of process for many months, she was successfully served by the Knox County Sheriff's Department on February 14, 2013. Plaintiffs thus sought a default judgment against Ms. Sallee as more than thirty days had elapsed with no responsive pleading having been filed. The motion declared that a hearing thereon had been set for April 12, 2013, at 9:00 a.m. The motion also presented a certificate of service reflecting that the motion was mailed to Ms. Sallee's home address by Plaintiffs' counsel.

A motion hearing was conducted on April 12, 2013; however, Ms. Sallee did not appear. The trial court granted a default judgment to Plaintiffs, awarding them $53,000 in compensatory damages and $500,000 in punitive damages. A copy of the judgment, entered April 15, 2013, was mailed to Ms. Sallee's home address.

Thereafter, on May 15, 2013, Ms. Sallee filed an answer to the Plaintiffs' complaint. Ms. Sallee indicated that as she had been staying with her ailing mother for the past few months, she seldom spent time at her own home. Ms. Sallee thus claimed that she had not received any mailings sent to her residence and that she learned of the instant action when reviewing the computerized records maintained by the clerk of the Knox County Circuit Court. Although Ms. Sallee admitted that she did discover a copy of a summons in her driveway, she insisted that she was never personally served with process. Ms. Sallee also filed a motion seeking to set aside the default judgment, positing that she had not received proper service of process and that she had meritorious defenses to Plaintiffs' claims.

During the ensuing months, various motions were filed by both parties. Motion hearings were held on June 28, August 2, and August 30, 2013. During the hearing conducted August 30, 2013, the trial court issued an oral ruling from the bench, denying Ms. Sallee's motion to set aside the default judgment. However, no written order was entered at that time.

In September 2013, Ms. Sallee filed a premature notice of appeal, concomitantly filing numerous additional motions seeking to attack the default judgment. Subsequently, on January 24, 2014, at 8:51 a.m., Ms. Sallee filed a motion seeking the recusal of Circuit Court Judge Harold Wimberly, Jr. Ms. Sallee based her motion, *inter alia*, on her perception that Judge Wimberly was "hostile" toward her and "refused" to deal with the issues she raised questioning the propriety of the default judgment. Later that day at 2:30 p.m., the trial court entered an order finding that Ms. Sallee's motion seeking to set aside the default judgment was not well taken. Accordingly, the motion was denied. Through the order, the trial court further directed that "all outstanding Motions and Pleadings in the instant litigation, other than any MOTIONS FOR SANCTIONS PURSUANT TO RULE 11, are hereby dismissed as being moot."

On January 30, 2014, Ms. Sallee filed a motion seeking to set aside the trial court's January 24, 2014 order, claiming that the trial court should not have entered the order by reason of the pending motion to recuse upon which the trial court had not yet ruled. On February 19, 2014, the trial court entered an order dismissing all other pending motions in the case. Subsequently, on March 19, 2014, the trial judge entered an order granting the recusal as follows:

> A final order having been entered in this case, the Court enters this order of recusal following the request of the defendant.

Ms. Sallee timely perfected her appeal to this Court.

## II. Issue Presented

In her appellate brief, Ms. Sallee presents a single but multi-faceted issue that challenges numerous actions taken by the trial court in this matter. We have restated the overarching issue, determining it to be dispositive of this appeal, as follows:

> Whether the trial court erred in entering further orders regarding separate matters before issuing a ruling on Ms. Sallee's motion seeking recusal.

## III. Tennessee Supreme Court Rule 10B

Ms. Sallee contends that the trial court erred in ruling on the contested matter of whether the default judgment should have been set aside while a motion to recuse was pending. In support of her position, Ms. Sallee cites Tennessee Supreme Court Rule 10B, which states in pertinent part:

> 1.01. Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this Rule.
>
> 1.02. While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken.
>
> 1.03. Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion.

(Emphasis added.)

In the case at bar, Ms. Sallee filed a motion for recusal that properly set forth all factual and legal grounds supporting recusal. Additionally, Ms. Sallee filed an accompanying affidavit. In the motion, Ms. Sallee affirmatively stated that the motion "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Thus, her motion satisfied the requirements of Section 1.01 of Tennessee Supreme Court Rule 10B. We must, therefore, determine whether the trial court failed to comply with Section 1.02 of Tennessee Supreme Court Rule 10B by issuing an order on separate matters while the motion to recuse was pending.

Since its enactment in 2012, there appears to have been rendered only one appellate decision analyzing Section 1.02 of Tennessee Supreme Court Rule 10B. In *In Re Conservatorship of John Daniel Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159 (Tenn. Ct. App. Sept. 17, 2012), the former conservatorship ward filed an interlocutory appeal as of right regarding the trial court's denial of the ward's motion for recusal. This Court affirmed the trial court's decision to deny recusal, determining that there existed no reasonable basis to question the judge's impartiality. *Id*. at *3. The ward also questioned whether the trial court violated Section 1.02 of Tennessee Supreme Court Rule 10B by ruling on another motion while the motion to recuse was pending. *Id*. In discerning no error, the Court explained:

> Tenn. Sup.Ct. R. 10B § 1.02 provides that while the motion for recusal is pending "the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." The trial court heard both the motion for recusal and motion to sell on the same date and ruled on both from the bench. However, the order on the motion to sell was entered several days before the order denying the motion for recusal. The better practice would have been to enter the order denying the motion for recusal before entering the order on the motion to sell. Under these specific circumstances, however, we cannot conclude that the trial court violated Tenn. Sup.Ct. R. 10B § 1.03. In any event, the issue is moot in light of our decision affirming the denial of the motion for recusal.

*In re Conservatorship of Tate*, 2012 WL 4086159 at *3 (emphasis added).

We find *Tate* to be factually distinguishable from the case at bar. In *Tate*, the trial court heard both the motion to recuse and another contested motion on the same date. The court subsequently issued oral rulings regarding both motions from the bench, *inter alia*, denying that recusal was necessary. *Id*. The written order concerning the separate motion,

however, was entered days before the written order denying the motion seeking recusal. *Id*. Noting that "the better practice" would have been to enter the written order regarding recusal first, this Court nonetheless found no violation of Tennessee Supreme Court Rule 10B because of the particular circumstances in which both oral rulings were issued on the same day and because the denial of the motion seeking recusal was ultimately affirmed by this Court. *Id*.

In the case at bar, the trial court issued an oral ruling regarding the motion seeking to set aside the default judgment before the motion to recuse was filed, but no written order was entered at that time.[1] Before the respective written order was entered, Ms. Sallee filed a motion seeking the trial judge's recusal. Upon the filing of the motion for recusal, pursuant to the clear and mandatory language of Section 1.02 of Tennessee Supreme Court Rule 10B, the trial court should have "ma[d]e no further orders and take[n] no further action on the case" until the recusal issue was addressed. Notwithstanding the fact that a motion seeking recusal was pending, the trial court proceeded to subsequently enter two written orders regarding separate matters in the case before ruling on the issue of recusal.

On January 24, 2014, several hours after the motion for recusal was filed, the trial court entered a written order denying Ms. Sallee's motion seeking to set aside the default judgment. Approximately two months later, the trial court granted Ms. Sallee's motion seeking recusal. In the meantime, the trial court entered a second written order on February 19, 2014, dismissing the pending motions seeking sanctions. Neither the January 24 order nor the February 19 order mention the pending recusal motion, and neither order states good cause for the action taken in accordance with Section 1.02 of Tennessee Supreme Court Rule 10B.

We determine that this case is more factually analogous to *Neal v. Hayes*, No. E2011-00898-COA-R3-CV, 2012 WL 260005 (Tenn. Ct. App. Jan. 30, 2012), a decision by this Court that predates the enactment of Tennessee Supreme Court Rule 10B. In *Neal*, the trial court entered a final order regarding contested matters while a motion for recusal was pending. *Id*. at *5. In the same written order, the trial court simultaneously acknowledged that recusal was necessary. *Id*. This Court vacated the trial court's order regarding the contested issues, stating:

> Our decision is one we make reluctantly given the long and troubled history
> of these legal disputes between Neal and Hayes. We, however, see no other

---

[1] As this Court has previously explained, a trial court speaks through its written orders, and the appellate courts review only the trial court's written orders. *See Conservatorship of Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011) (citations omitted).

choice given the Special Master's and Judge Swann's acknowledgment that their recusal was necessary. Once a judge recognizes that his or her impartiality reasonably might be questioned, the Judge has no option but to disqualify himself or herself in the proceedings.

Public confidence in the neutrality of the judiciary is of paramount concern. Our judicial system requires judges to strive to eliminate even the perception of bias in our judges, even where none exists. Here the Honorable Judge Swann actually voiced his loss of neutrality in the same March 2011 order by which he decided numerous contested issues. Once Judge Swann decided he should recuse himself, he had to do just that. We vacate Judge Swann's March 2011 order and remand this cause to be heard before a neutral court.

*Id*.

Similarly, in this cause, the trial judge ultimately determined that his recusal was necessary. Although we respect the Honorable Judge Wimberly's decision to remove himself from this case following Ms. Sallee's request, we note that such decisions are not typically made absent some doubt by the judge that he or she can preside impartially in the proceeding or a belief that there would be a reasonable basis for questions regarding his or her impartiality or potential bias.[2] *See*, *e.g.*, *Neal*, 2012 WL 2600005 at *4 (citing *Bean v.*

---

[2]Rule of Judicial Conduct 2.11, contained within Tennessee Supreme Court Rule 10, states in pertinent part:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

(a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

(b) acting as a lawyer in the proceeding;

(c) a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

(continued...)

*Bailey*, 280 S.W.3d 798 (Tenn. 2009)).  Thus, although the record does not provide Judge Wimberly's reasons for granting recusal, this does not alter the fact that he determined such recusal to be warranted.  Having so concluded, the trial court should have acted promptly by written order in granting the recusal before entering any further orders and taking further action in the case.  Pursuant to the plain language of  Section 1.02 of Tennessee Supreme Court Rule 10B and this Court's previous ruling in *Neal*, we determine that the trial court's order denying Ms. Sallee's motion seeking to set aside the default judgment and the subsequent order dismissing the motions for sanctions must be vacated.  We remand for further hearing regarding whether the default judgment should be set aside.

---

[2](...continued)

       (d) likely to be a material witness in the proceeding.

(3) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

(4) The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned.

(5) The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6) The judge:

       (a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

       (b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

       (c) was a material witness concerning the matter;

       (d) previously presided as a judge over the matter in an inferior court; or

       (e) previously participated in a judicial settlement conference in the matter. Prior participation in a judicial settlement conference does not prohibit the judge from disposing of any uncontested issues in the matter.

We note that as Ms. Sallee has filed motions with this Court during the pendency of this appeal. We have deferred ruling on these motions until the panel reviewing this case convened. Considering this case's disposition on appeal, we determine these motions to be pretermitted as moot.

## IV. Conclusion

For the foregoing reasons, we vacate the trial court's order denying Ms. Sallee's motion seeking to set aside the default judgment and the subsequent order dismissing the motions for sanctions. We remand the case to the trial court for further hearing regarding these motions. Exercising our discretion, costs on appeal are taxed one-half to the plaintiffs, Frances G. Rodgers and Harley Vearl Bible, and one-half to the defendant, Yarboro A. Sallee.

_____
THOMAS R. FRIERSON, II, JUDGE